**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**KEVIN BIRNBAUM**                                                                          **PLAINTIFF**

**v.**                                                          **CIVIL ACTION NO.** 1:26cv174 HSO-BWR

**BEAU RIVAGE RESORTS, LLC**                                                    **DEFENDANT**

**COMPLAINT
JURY TRIAL DEMANDED**

**COMES NOW** the Plaintiff, Kevin Birnbaum, by and through counsel, The Watson Law Firm, PLLC, brings this action to recover damages of violations of his rights pursuant to the Americans with Disabilities Act (ADA) for disability discrimination and violation of his rights pursuant to the Americans with Disabilities Act (ADA) for failure to make reasonable accommodations, against the Defendant, Beau Rivage Resorts, LLC.  In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

**THE PARTIES**

1.      Plaintiff, Kevin Birnbaum, is a male resident of Harrison, Mississippi.

2.      Defendant, Beau Rivage Resorts, LLC, can be served with process by serving its registered agent, Corporation Service Company, 109 Executive Drive, Suite 3, Madison, Mississippi 39110.

**JURISDICTION AND VENUE**

3.      This Court has federal question jurisdiction pursuant to the Americans with Disabilities Act (ADA).

4.      This Court also has personal and subject matter jurisdiction over the Defendant and venue is proper in this court.

5.      Plaintiff timely filed a Charge of Discrimination with the EEOC on March 18,

1

2026, a true and correct copy of is attached as Exhibit "A." The EEOC issued a Dismissal and Notice of Right to Sue on March 20, 2026, a true and correct copy of which is attached as Exhibit "B."  Plaintiff timely files this cause of action within ninety (90) days of receipt of his Dismissal and Notice of Right to Sue.

## STATEMENT OF FACTS

6. Plaintiff is a 69-year-old male resident of Harrison County, Mississippi.

7. Plaintiff was hired on August 11, 2025, as a Guest Services Representative at Beau Rivage Resorts, LLC (BRR).

8. Around March 2018, Plaintiff was diagnosed with type 2 diabetes.

9. Plaintiff was monitored and treated for this condition at Singing River Health Services in Gulfport.

10. Plaintiff also has a history of sleep apnea.

11. On November 6, 2025, while working at BRR, Plaintiff suffered an episode of sudden and severe fatigue, drowsiness, and impaired alertness.

12. Night Manager Tonia Jasper observed Plaintiff and assumed he was sleeping.

13. Plaintiff then assessed his blood glucose level and determined it was 59, which is significantly low, i.e., hypoglycemic.

14. That same day, November 6, 2025, Plaintiff informed Ms. Jasper that he had suffered an episode of hypoglycemia secondary to his diabetes 2 condition.

15. On November 11, 2025, a second incident occurred during which Plaintiff appeared to be sleeping.

16. Again, he was observed by a supervisor who assumed he was sleeping.

2

17. Despite having previously informed management about his diabetes 2, and the associated hypoglycemia, Plaintiff was not offered the option of medical evaluation.

18. As a result, no opportunity was provided to evaluate whether this incident constituted another episode of hypoglycemia.

19. On November 19, 2025, Employee Relations Partner Myron McNair conducted a Due Process Meeting.

20. During the meeting, Mr. McNair asked Plaintiff questions about the incidents on November 6 and 11, 2025.

21. The wording of Mr. McNair's questions indicated that he had already decided (prior to the meeting) that Plaintiff was sleeping during the incidents in question.

22. He ignored and redirected the conversation when Plaintiff attempted to explain that he has a disability and the incidents in question were due to episodes of hypoglycemia.

23. On November 21, 2025, as a follow up to the meeting a couple days prior, Plaintiff submitted a statement to Mr. McNair.

24. The statement outlined that Plaintiff suffers from type 2 diabetes, which causes associated episodes of hypoglycemia.

25. He also noted that he suffers from sleep apnea.

26. The letter specified that diabetes type 2 is an "ADA-covered condition" and he offered to provide documentation from his physician.

27. He wrote, "I am open to any coaching, guidance, or reasonable accommodations needed to ensure this does not occur again."

28. He also wrote, "During the Due Process meeting with Employee Relations,

3

attempts to explain the medical circumstances or address ADA considerations were dismissed…".

29.     Despite Plaintiff's detailed statement, BRR made no effort to engage in an interactive process related to providing reasonable accommodation for Plaintiff's disability.

30.     On December 2, 2025, Mr. McNair informed Plaintiff that he was terminated, allegedly due to two incidents of sleeping on duty, i.e., November 6 and 11, 2025.

31.     Plaintiff contends he had repeatedly informed management about his disability and he requested ADA consideration, accommodation, and to engage in the interactive process.

32.     Despite all this, BRR made no effort to engage in an interactive process to address how Plaintiff's disability could be reasonably accommodated.

33.     After he was terminated, Plaintiff filed for unemployment benefits with the Mississippi Department of Employment Security (MDES).

34.     He was approved to receive the benefits without any contest from BRR.

35.     On March 18, 2026, Plaintiff filed an EEOC Charge of disability discrimination against BRR.

## CAUSES OF ACTION

### COUNT I:  VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA) – DISABILITY DISCRIMINATION

36.     Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 35 above as if fully incorporated herein.

37.     The Defendant discriminated against Plaintiff because of his disability based on the facts identified above which constitutes a violation of the Americans with

4

Disabilities Act.

38.    Plaintiff has suffered lost wages, benefits and other pecuniary losses as well as well as future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses.

39.    The unlawful actions of the Defendant complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

40.    As such, Plaintiff is entitled to recover damages pursuant to the ADA.

## COUNT II:  VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA) – FAILURE TO MAKE REASONALBE ACCOMMODATIONS

41.    Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 40 above as if fully incorporated herein.

42.    The Defendant discriminated against Plaintiff and failed to make reasonable accomodations because of his disability based on the facts identified above which constitutes a violation of the Americans with Disabilities Act.

43.    Plaintiff has suffered lost wages, benefits and other pecuniary losses as well as well as future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses.

44.    The unlawful actions of the Defendant complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

45.    As such, Plaintiff is entitled to recover damages pursuant to the ADA.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Back wages;
2. Reinstatement or future wages in lieu of reinstatement;
3. Compensatory damages;
4. Punitive damages;
5. Attorney's fees;
6. Lost benefits;
7. Pre-judgment and post-judgment interest;
8. Costs and expenses; and
9. Such further relief as is deemed just and proper.

THIS the 17th day of June 2026.

Respectfully submitted,

Kevin Birnbaum, Plaintiff

By: /s/ Louis H. Watson, Jr.
    Louis H. Watson, Jr.  (MB# 9053)
    Katherine A. Vana (MB# 107123)
    Attorneys for Plaintiff


OF COUNSEL:

THE WATSON LAW FIRM, PLLC
1501 JACKSON AVE W STE 113 PMB 101
OXFORD, MS 38655-2566
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@thewatsonlawfirm.com
       kate@thewatsonlawfirm.com

6